SALLIE RUHWADEL v. WILLIAM H. HARDING.

Decided December 28, 1923.

Contracts—Payment Without Consideration—Action to Recover —Direction of Verdict for Plaintiff—Appeal on Ground of Alleged Error in Admission of Evidence Cannot be Sustained When Instruction was Based on Agreement Between Counsel.

On appeal from the Atlantic Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the appellant, *Cassman & Gottlieb*.

For the respondent, *Clarence L. Cole*.

Supreme Court—Ruhwadel v. Harding.

PER CURIAM.

This action was brought by the plaintiff to recover the amount of a check for $5,000, delivered by her to the defendant for a consideration which entirely failed. It was admitted that the check was given for property purchased by the plaintiff, that the defendant had received the money on the check, and that he had not delivered to her the property which was the subject-matter of the purchase. At the close of the trial, as appears from a recital contained in the rule for judgment, and also in the judgment itself, "the jury, by agreement of counsel, were authorized and the judge directed them to find a verdict in favor of the plaintiff in the sum of $5,000, plus such amount of interest as they found to be due." Based upon this recital, the following adjudication appears in the judgment: "Whereupon it is ordered that the plaintiff, Sallie Ruhwadel, recover of the defendant, William H. Harding, the sum of $5,125 damages and $55.26 costs of suit."

From this judgment the defendant has appealed, and states as the sole grounds of appeal alleged errors of the trial court in ruling upon the admission of testimony. Assuming the rulings to have been, each of them, erroneous, it is obvious that no harm was suffered by the defendant therefrom, for the verdict upon which the judgment rests was not the result of a consideration by the jury of the testimony or any part of it, but was due solely to the agreement of counsel and the instruction of the trial court based upon that agreement.

The judgment under review will be affirmed.